Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 6785 | **DATE** | 8/30/2010 |
| **CASE TITLE** | Cordero v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Bill of Costs is granted in part. Plaintiff is ordered to pay $2,841.21 to Defendants.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendants were the prevailing parties in this case when judgment was entered on May 10, 2010. *See Vito & Nick's, Inc. v. Barraco*, No. 05 C 2764, 2008 WL 4594347 (N.D. Ill. Oct. 10, 2008) (defendant is prevailing party if case is dismissed for want of prosecution). Defendants submitted a joint bill of costs on June 21, 2010, seeking reimbursement for transcript and copy costs, service fees, and certain exhibit costs arising from this case. When Plaintiff did not respond to this bill of costs, Defendants filed a supplemental briefing to explain why some costs were necessary and reasonable.

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. Only reasonable and necessary costs are recoverable under Rule 54(d). *See Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Therefore, "[t]axing costs against the losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

### I. COPY COSTS

Copying costs for pleadings and documents produced are recoverable. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991). Copy charges between $0.10 and $0.20 per page are reasonable. *See Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003).

Defendants claim 2,142 pages of copying for documents, motions, and trial exhibits, with a copy rate of $0.15 per page. Defendants have not attempted to recover for copies made for their own convenience, but have instead permissibly included claims for two copies when one is for the court and the other is for opposing counsel. *See Baxter Int'l v. McGaw, Inc.*, No. 95 C 2723, 1998 U.S. Dist. LEXIS 2422, at *7 (N.D. Ill. Fed. 27, 1998); *Sharp v. United Airlines, Inc.*, 197 F.R.D. 361, 362-63 (N.D. Ill. 2000). These copies are

| STATEMENT |
|---|

allowed at $0.15 per page. The total taxable cost for copying is therefore $321.30.

## II. DEPOSITIONS AND COURT REPORTING COSTS

Fees for deposition transcripts and court reporter attendance are recoverable costs. *See Cengr v. Fusibond Piping Sys.*, 135 F.3d 445, 457 (7th Cir. 1998). To be reasonable, per page transcript costs must be less than the maximum set by the Judicial Conference at the time the depositions were taken; in this case $3.65 for ordinary transcripts and $0.90 for the first copies. *See id*.

The depositions of Ramon Silva, Mauricio Cordero, Adriana Pena, and Daniel C. Linnane appear to be reasonable and necessary preparations for trial. Defendants appropriately limited the rate to $3.65 per page for transcripts and $0.90 per page for Mr. Linnane's first copy. The flat $60 reporter attendance fee is also reasonable. *See Wagner v. Ill. Dep't of Pub. Aid*, No. 98 C 7268, 2005 U.S. Dist. LEXIS 6299 (N.D. Ill. Mar. 28, 2005) (finding rates from $38 to $44 per hour reasonable in 2005). The total taxable fee for Defendants' depositions is therefore $1918.40.

As the 911 tape transcript was required as part of a pretrial order, Defendants can also recover associated reasonable costs. Defendants appropriately limited the transcription cost per page to $3.65. The transcript of People v. Mauricio Cordero was also a necessary cost as that case involved criminal charges that arose out of the same incident as the current § 1983 case. These taxable court reporting costs totaled $205.45. Since all deposition and court reporting costs are taxable, the total for these categories is $2,123.85.

## III. OTHER COSTS

Costs for photos, graphs, and charts for use at trial are recoverable. *See Northbrook*, 924 F.2d at 644. Considering that this case was not dismissed until the trial date, Defendants' request for costs for a dry erase board, markers, and erasers seems reasonable. Defendants properly excluded delivery charges, leaving a taxable cost for the board and related materials at $59.06.

However, Defendants provided no documentation for their actual cost incurred for enlargements, binders, or the unspecified services of Mercury Business Services, Inc. These expenses, totaling $280, are therefore denied.

Defendants provided proper documentation for the fees paid to LaSalle Process Servers. They fail to explain, however, the $90 in additional rush fees incurred on two of the invoices. These rush fees will be denied as unreasonable given this lack of explanation as to why the fees were necessarily incurred in this litigation. The total taxable amount of other costs is therefore limited to $396.06.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Bill of Costs is granted in part. The Court orders Plaintiff to pay the sum of $2,841.21 to Defendants.